**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| In Re: | Case No.: 13-50118-GFK |
|---|---|
| Calibur 11, LLC, | Chapter 7 |
| Debtor. | |

**NOTICE OF HEARING AND MOTION FOR ENTRY OF AN ORDER APPROVING AGREEMENT FOR SALE OF ASSETS**

TO: The Office of the United States Trustee and the Other Entities specified in Local Rule 9013-3.

1. Liquid Capital Exchange, Inc., by and through the undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

The Court will hold a hearing on this motion at 2:00 p.m. on June 5, 2013, before the Honorable Gregory F. Kishel in Courtroom No. 2, at United States Courthouse, 515 West First Street, Duluth, Minnesota, or as soon thereafter as counsel may be heard.

2. Any response to this motion must be filed and served by mail not later than May 29, 2013, which is seven days before the time set for the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1070-1 and 5005-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's Chapter 7 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The petitions commencing this Chapter 7 case was filed on February 13, 2013 (the "Petition Date"). The case is currently pending in this Court.

4. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 506(c). This motion is filed under Bankruptcy Rules 9014 and 9019 and Local Rules 2002-1, 6004-1 and 9013-1 through 9013-3.

5. LCX and Bridget A. Brine, Esq., ("Trustee"), solely in her capacity as Chapter 7 trustee for Calibur 11, LLC ("Debtor"), executed an Agreement for Sale of Assets dated April 2, 2013 (the "Agreement") to permit the orderly liquidation of the assets. A copy of the Agreement is attached as Exhibit A.

6. Debtor was engaged in the sale of computer gaming components and peripheral equipment prior to the Petition Date. Debtor has a substantial unsold inventory and products.

7. LCX provided financing to the Debtor prior to the Petition Date. LCX asserts a security interest in substantially all of the assets of the estate.

8. LCX, as assignee of Alan Industries LLC filed a claim in the amount of $3,337,100.00 (the "AI Claim"). The Trustee acknowledges the AI Claim is a valid and enforceable claim against the estate.

9. The Trustee has reserved any and all rights the estate may have arising under Chapter 5 of the United States Bankruptcy Code.

10. Trustee has not yet determined the extent or validity of the security interest asserted by LCX. It may take a substantial amount of time to finally determine the extent of the security interests asserted by LCX

11. Trustee and LCX agree the assets of the Debtor's estate should be liquidated in an orderly fashion by the Trustee.

12. Trustee may incur fees and costs associated with the liquidation of the estate's assets. In addition, the parties recognize the liquidation of the assets should not await a final determination of the liens or interests asserted by LCX.

13. The Agreement provides for the allowance and liquidation of the amount of the claim of the LCX claim and the right of the Trustee to surcharge the assets of the estate for all reasonable costs associated with the liquidation of the assets.

14. LCX believes the Agreement, which was the result of lengthy, arm's length negotiations, is in the best interests of the Debtor's estate.

WHEREFORE, LCX requests Court to grant the Motion and approve the attached Agreement and such other relief as is just and equitable.

Dated: April 16, 2013.

**FOLEY & MANSFIELD PLLP**

BY: /e/ Thomas J. Lallier

Thomas J. Lallier (#163041)
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401
Telephone: (612) 338-8788
Fax: (612) 338-8690

**Attorneys for Liquid Capital Exchange, LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| In Re:<br><br>Calibur 11, LLC,<br><br>Debtor. | Case No.: 13-50118-GFK<br><br>Chapter 7 |
|---|---|

## MEMORANDUM OF LAW

Liquid Capital Exchange, Inc. ("LCX") submits this memorandum in support of its Motion For Order Approving  Agreement for Sale of Assets (the "Motion"). LCX respectfully requests the Court grant the approving theAgreement.

## BACKGROUND

The facts supporting this motion are set forth in the verified Motion and all capitalized terms are defined therein.

## ARGUMENTS

LCX requests the Court toauthorize the compromise set forth in the Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019, which provides in relevant part:

> **(a) Compromise.** On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

Federal Rule of Bankruptcy Procedure 9019 vests the Bankruptcy Court with broad authority to approve or disapprove all compromises and settlements affecting the bankruptcy estate. The decision of whether to approve a proposed settlement is within the sound discretion of the Bankruptcy Court. In re Flight Transportation Corporation Securities Litigation, 730 F.2d

1128, 1136 (8th Cir. 1984); TCF Banking & Savings v. Leonard (In re Erickson), 82 B.R. 97, 99 (Bankr. D. Minn. 1987).

In determining whether to approve a proposed settlement, the Court does not substitute its judgment for that of the Trustee, but instead should canvas the issues to determine that the settlement does not fall below the lowest point in the range of reasonableness. Id. at 101.. The standard for approval of a compromise is whether the proposed compromise is in the best interests of the estate. Id. at 100.

LCX believes the compromise described in the attached Agreement is in the best interest of creditors and the bankruptcy estates and is an appropriate exercise of the Trustee's business judgment after due consideration of alternative courses of action.

**CONCLUSION**

LCX has demonstrated that its entry into the Agreement represents the exercise of sound business judgment by the Trustee. Therefore, the Debtors respectfully request that the Court grant the relief requested in the Motion.

Dated: April 16, 2013.

**FOLEY & MANSFIELD PLLP**

BY: /e/ Thomas J. Lallier

Thomas J. Lallier (#163041)
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401
Telephone: (612) 338-8788
Fax: (612) 338-8690

**Attorneys for Liquid Capital Exchange, LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| In Re: | Case No.: 13-50118-GFK |
|---|---|
| Calibur 11, LLC. | Chapter 7 |
| Debtor. | |

**VERIFICATION**

I, Joel Gottesman, of Liquid Capital Exchange, Inc., declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: April 15, 2013

Joel Gottesman

# EXHIBIT A

## AGREEMENT
## FOR SALE OF ASSETS

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| In Re: Calibur 11, LLC, Debtor. | Case No.: 13-50118-GFK Chapter 7 |
|---|---|

**AGREEMENT FOR SALE OF ASSETS**

This Agreement for Sale of Assets ("Agreement") is entered into by and between Liquid Capital Exchange, Inc. ("LCX") and Bridget A. Brine, Esq., ("Trustee"), solely in her capacity as Chapter 7 trustee for Calibur 11, LLC ("Debtor").

**RECITALS**

1. LCX is a Delaware corporation, whose business address is 5525 MacArthur Boulevard, MacArthur Plaza, Suite 625, Irving, Texas

2. Trustee is the duly appointed trustee for the Debtor's bankruptcy estate.

3. Debtor voluntarily filed for relief under Chapter 7 with the United States Bankruptcy Court, District of Minnesota (the "Court") on February 13, 2013.

4. LCX asserts a security interest in substantially all of the assets of the Debtor's estate pursuant to a Purchase and Sale Agreement, as amended from time to time (the "Contract"), dated April 27, 2011, including, the following: (a) Accounts, (b) Chattel Paper, (c) Commercial Tort Claims, (d) Deposit Accounts, (e) Documents, (f) Equipment, (g) General Intangibles, (h) Goods, (i) Instruments, (j) Inventory, (k) Investment Property, (1) Supporting Obligations, (m) Letter of Credit Rights, (n)

Payment Intangibles, (o) any and all Reserves and all payments (if any) due or to become due to Seller from the Reserves as well as all monies on deposit, holdbacks and credits, (p) all books and records pertaining to all of the foregoing, including but not limited to computer programs, data and lists, and (q) and all Proceeds of the foregoing (collectively, the "Collateral").

5. Alan Industries, LLC, for due and proper consideration, assigned to LCX certain claims it had against the Debtor pursuant to two invoices, Invoice #1 in the amount of $1,717,450.00 and Invoice #2 in the amount of $1,659,650.00, for a total amount due of $3,337,100.00 ("the LCX Claim").

6. The parties hereto agree the Collateral and other assets of this estate should be liquidated by the Trustee as soon as practicable prior to a final determination as to whether the LCX Claim is secured or unsecured.

7. The Trustee has not yet made a determination as to whether the LCX Claim is secured or unsecured or the extent or enforceability of the security interest asserted by LCX in the Collateral.

8. The parties enter into this Agreement to facilitate the orderly liquidation of the Collateral.

NOW THEREFORE, the parties hereto agree to the following terms and conditions:

**AGREEMENT**

1. This Agreement is subject to final approval by the Court. Trustee agrees to forthwith serve and file appropriate pleadings with the Court seeking approval of this stipulated agreement as well as an order of the Court incorporating the terms and conditions contained herein.

2. LCX consents to the liquidation of all of the Collateral as soon as practicable and in a manner to be determined by the Trustee in her sole discretion. LCX reserves the right to file a good faith objection contesting the terms of any proposed sale with the Court.

3. Pursuant to 11 U.S.C. § 506 (c) and this Agreement, LCX consents to the surcharge of the Collateral by the Trustee for all reasonable and necessary costs and expenses of preserving and disposing of the Collateral, including any trustee commissions allowable under 11 U.S.C. § 326.

4. The LCX Claim shall be an allowed claim pursuant to 11 U.S.C. § 502. The LCX Claim shall be a fully liquidated claim not subject to reduction, offset or counterclaim.

5. Except for the allowance of the LCX Claim in this case, nothing contained herein shall be construed to determine the status or priority of the LCX Claim as secured or unsecured.

6. In the event that this Agreement is not approved by the Bankruptcy Court, this stipulated agreement is null and void and nothing contained herein shall constitute an

admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties hereto.

7. This Agreement constitutes the whole and complete agreement between the parties. No modifications of the terms of this Agreement shall be effective unless made in writing and signed by the party against whom such modification should run. This Agreement supersedes all prior agreements and understandings between the parties.

8. This Agreement shall be governed and interpreted in accordance with the laws of the State of Minnesota without reference to principles of conflicts of law except to the extent that Federal Bankruptcy law preempts Minnesota State law.

9. This Agreement may be executed in counterparts, but shall be construed as if signed in one document.

10. Each party hereto covenants and warrants that they have carefully read the foregoing Agreement and the contents thereof, that they are duly authorized to execute this Agreement and that they have signed the same of their own free act and deed, having been advised by counsel as to the provisions contained herein.

11. Each party received independent legal advice from its attorneys with respect to the advisability of making this settlement provided for herein and with respect to the advisability of making the Agreement.

12. The parties to this Agreement have jointly participated in the drafting of this Agreement and therefore if there should be any dispute as to the meaning of any part of this Agreement, the parties hereto agree that all of the parties hereto shall be

considered to have drafted such language so that the court does not construe or interpret the language against any of the parties hereto.

13. Each party acknowledges that such party has read this Agreement and understands the contents hereof. Each party shall execute all further additional documents which are reasonably necessary to carry out the provisions of this Agreement.

**The Chapter Seven Estate of**
**Calibur 11, LLC**

Dated: ~~March~~ April 2, 2013

By: [signature]
Bridget A. Brine, solely in her capacity as
Chapter 7 trustee for Calibur 11, LLC

**Liquid Capital Exchange, Inc.**

Dated: ~~March~~ April 2, 2013

By: [signature]
Its: Vice President

\\NAS1\Files\Files\14814 Liquid Capital\14814-1 Calibur 11\Bankruptcy Pleadings\Sale_Agrmnt_2_mwh_edits.docx

Printed: 3/12/2013 2:42 PM

**Unsworn Affidavit of Service**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

I, Jacquelyn J. LaVaque, declare under penalty of perjury that on April 16, 2013, I mailed copies of the attached **Notice of Hearing and Motion for Entry of an Order Approving Agreement for Sale of Assets** by first class mail, postage prepaid, to each entity named below at the address stated below for each entity:

Calibur 11, LLC
4602 Grand Avenue, Suite 500
Duluth, MN 55807

John F. Hedtke
Hedtke Law Office
1217 E 1st Street
Duluth, MN 55805-2402

Bridget A. Brine
2009 London Road, Suite 100
Duluth, MN 55812

U.S. Trustee
1015 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Executed on: April 16, 2013

Signed: /e/ Jacquelyn J. LaVaque
Jacquelyn J. LaVaque
Foley & Mansfield, P.L.L.P.
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| In Re: Calibur 11, LLC, Debtor. | Case No.: 13-50118-GFK Chapter 7 |
|---|---|

**ORDER**

Upon the Motion For Entry Of An Order Approving Agreement For Sale Of Assets (the "Agreement") between Liquid Capital Exchange, Inc. ("LCX") and Bridget A. Brine, Esq., ("Trustee"), solely in her capacity as Chapter 7 trustee for Calibur 11, LLC ("Debtor") (the "Motion"); and

Due notice of the the Motion and this Order having been given to all parties entitled to notice under title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, as evidenced by the Certificate of Service; and

A hearing on the Motion having been held before this Court on June 5, 2013 (the "Hearing") at which time all parties in interest were afforded an opportunity to be heard, and the Court having considered the evidence.

NOW, THEREFORE, based upon all of the pleadings previously filed by the Trustee and other interested parties in connection with the Motion, the evidence presented, attested to, or adduced at or in connection with the Hearing, and upon the entire record of the Hearing, and after due deliberation thereon, and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion for expedited hearing is granted. The relief requested in the Motion is granted and approved in all respects. All objections to the Motion that were not

withdrawn or settled on the record at the Hearing are hereby overruled on the merits and deemed denied.

2. The Agreement is hereby approved in all respects and the Debtors are authorized to take such actions as are necessary to effect the agreements contemplated by the Agreement.

3. The AI Claim, as set forth in the Motion shall be allowed in the amount of $3,337,100.00.

15. Nothing contained in the Agreement shall waive or impair Trustee's right to assert any other claim arising under Chapter 5 of the United States Bankruptcy Code the estate may have against LCX.

4. The Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Settlement Agreement.

Dated: ________________, 2013.

________________________________
Gregory F. Kishel
United States Bankruptcy Court Judge